# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3589

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Patrick Harley McNaught, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 12, 2000

Filed: October 19, 2000

_____

Before BOWMAN and BEAM, Circuit Judges and BOGUE,[1] District Judge.

_____

PER CURIAM.

Patrick McNaught was convicted in United States District Court on four counts of mail fraud under 18 U.S.C. § 1341. McNaught appeals his sentence. We affirm.

Only one issue on appeal merits comment from this court. McNaught objected to the conclusion in the Presentence Report (PSR) that his conduct involved more than

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

minimal planning. Without making a specific finding concerning the contested issue, the district court granted a two-level upward adjustment in McNaught's offense level for "more than minimal planning."

A district court's findings of fact are reviewed for clear error. See United States v. Whatley, 133 F.3d 601, 606 (8th Cir. 1998). However, this Circuit has long stressed that a "presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact." United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (citations omitted). Nonetheless, the erroneous use of a contested fact in a PSR as evidence at sentencing is subject to harmless error analysis. See id. Although it may have been clear error for the district court to enact a two-level increase for "more than minimal planning" without making a specific finding concerning that fact, we find any error was harmless in this instance.

A district court may accept as true all factual allegations in a PSR that are not specifically objected to by the parties. See United States v. Montanye, 996 F.2d 190, 192-93 (8th Cir. 1993)(en banc). McNaught's only objection to the "more than minimal planning" adjustment in the PSR was premised on the argument that his conduct in the mail fraud was part of the routine business practices of his employer. McNaught did not object to the numerous specific factual allegations in the PSR that showed his conduct involved more than minimal planning. Accordingly, we find no clear error in the district court's upward adjustment based on those uncontested facts.

We have also carefully reviewed the balance of the record and find the district court committed no clear error in either the calculation of loss or the obstruction of justice adjustments. We affirm the sentence. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.